UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALKESH PATEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAP AMERICA, INC., et al.,<br><br>　　　　Defendants. | Case No. 25-cv-00608-NW<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: ECF No. 14 |

　　　　Defendants SAP America, Inc. and SAP SE (collectively, "SAP" or "Defendants") filed a motion to transfer this case to the United States District Court for the Eastern District of Pennsylvania. Mot. to Transfer, ECF No. 14 ("Mot."). Plaintiff filed an opposition, and Defendants filed a reply. Opp'n, ECF No. 35; Reply, ECF No. 36 ("Reply"). Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and VACATES the hearing set for July 2, 2025. Defendants' motion is GRANTED.

**I.　BACKGROUND**

　　　　Plaintiff is a citizen of California. Compl., ¶ 10, ECF No. 1-3. He currently works for SAP from Santa Clara County, California, where he resides. Declaration of Alkesh Patel in support of Opp'n, ¶ 3, ECF No. 35-1 ("Patel Decl."). Defendant SAP America, Inc. is a Delaware corporation, with its principal place of business in Newtown Square, Pennsylvania. Corp. Disclosure Statement, ECF No. 2. Defendant SAP SE is a German company, based in Germany. Compl., ¶ 12.

　　　　Plaintiff began working for SAP as a Sales Specialist in June 2008. Patel Decl., ¶ 3. In January 2013, Plaintiff was offered the opportunity to "transfer[] positions internally within the

company" to a Senior Account Executive position. *Id*. ¶ 4; Opp'n at 4. SAP shared an offer letter with Plaintiff, which stated, in part:

> SAP America, Inc. is pleased to offer you a Transfer into the position of Senior Account Executive, grade level 3 and career level T3 – Senior, based out of the Palo Alto office . . .
>
> This Transfer will be effective on January 1, 2013, and your annual base salary of $120,000.00 paid out semi-monthly in the amount of $5,000.00, less taxes and deductions. In addition, your new annual target bonus opportunity will be $140,000.00, in accordance with the SAP Total Rewards Package including and subject to the SAP Compensation Plan. . . .
>
> You will be provided with a detailed description of the SAP America Compensation Plan after you begin your new position. As a condition of this transfer and for you to receive any bonus payment, you are required to accept the terms of the Compensation Plan.

Pl's Mot. for Prelim. Disc., Ex. A, ECF No. 24-1 ("2013 Offer Letter").

The 2013 Offer Letter included a final line prompting Plaintiff to sign, and stated, "I accept this Transfer offer and acknowledge the terms above as well as the fact that this offer does not constitute a contract of employment and my SAP employment remains 'at-will.'" *Id*. Plaintiff accepted the offer and continues to work for SAP in a similar role. Opp'n at 4.

In 2013, Plaintiff additionally accepted a compensation plan ("2013 Compensation Plan") and sales incentive plan, which outlined his sales commission structure. Patel Decl., ¶¶ 6,8, Ex. 1; Ex. 2 ("2013 Sales Incentive Plan"). The 2013 Compensation Plan included a forum selection clause, that stated, in part:

> Any action or proceeding relating to this Plan and to any agreement relating to this Plan (a) will be solely brought in the courts located in the Commonwealth of Pennsylvania either in the United States District Court for the Eastern District of Pennsylvania or in the Court of Common Pleas of Delaware County.

*Id*.

Plaintiff has renewed his acceptance of SAP's compensation and sales incentive plans every year since 2013; he acknowledges that he has never asked SAP to exclude nor otherwise modify the forum selection clause. *Id*. ¶¶ 12, 21; Opp'n at 4.

Plaintiff brings claims under the 2022 version of the compensation and sales incentive plans, which contain a nearly identical forum-selection clause to the one contained in the 2013

2

1  Compensation Plan.  Patel Decl., ¶¶ 11, 21; Mot., Ex. A (2022 Global Incentive Plan Terms and
2  Conditions for Revenue Generating Roles, hereinafter, "2022 GIP").  Plaintiff's claims stem from
3  a commission payment Plaintiff alleges SAP owes him for his work on a deal that closed in June
4  2022.  Opp'n at 5.  On May 15, 2024, Plaintiff sent Defendants a letter through counsel
5  "demanding $2,404,666 in unpaid commissions."  Opp'n at 5.  On May 29, 2024, several days
6  after receiving Plaintiff's demand letter, Defendants sued Plaintiff in the Eastern District of
7  Pennsylvania.[1]  Mot. at 1.  On July 3, 2024, Plaintiff initiated this case, suing Defendants in Santa
8  Clara Superior Court.  Compl. at 1.  Defendants properly removed this case to this District, and
9  soon after filed a motion to transfer this case to the Eastern District of Pennsylvania.  *See* ECF
10 Nos. 1, 14.

## II.    LEGAL STANDARD

Parties may file a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to enforce a forum selection clause.  *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).  "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause.  Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."  *Id.* at 62; *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances.").

Parties may challenge a forum selection clause by raising public interest arguments.  *Atl. Marine Const. Co.*, 571 U.S. at 64.  Courts evaluating a Section 1404(a) motion "based on a forum-selection clause should not consider arguments about the parties' private interests . . . [and] may consider arguments about public-interest factors only."  *Id.*  "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except

---

[1] Plaintiff argues Defendants rushed to court to be the first to file in Pennsylvania, knowing that Plaintiff intended to file in California if the parties could not reach an agreement.  Mot. at 1; Opp'n at 5.  Plaintiff's speculation regarding Defendants' timing and motivation may or may not be correct.  Regardless, the order in which the parties filed their respective cases was not the basis for the Court's conclusion regarding the appropriate forum for this litigation.

1   in unusual cases." *Id*.

2   **III.   DISCUSSION**

3       The parties' dispute regarding transfer turns on whether the 2022 GIP forum selection clause violates California Labor Code § 925 and is, as Plaintiff argues, "unreasonable" and contravenes the public interest.  *M/S Bremen*, 407 U.S. at 10 (citing 28 U.S.C. § 1404(a)); Opp'n at 3; Reply at 3.  The Court finds that accepting the forum selection clause was not a condition of Plaintiff's employment with Defendants, and therefore, Section 925 does not apply, and the forum selection clause is valid.

    Plaintiff does not dispute that his claims are governed by the 2022 GIP, and that the 2022 GIP contains a forum selection clause.  Opp'n at 3.  Plaintiff instead argues that the forum selection clause violates California Labor Code § 925 and should be voided.  *Id*.  Section 925 provides:

> An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would . . . (1) Require the employee to adjudicate outside of California a claim arising in California [and] (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California.

Cal. Lab. Code § 925(a) (West).  Plaintiff contends that the forum selection clause will require him to litigate his claims outside of California and will deprive him of the protections of California law.  Opp'n at 3.

    Plaintiff's arguments misconstrue a basic premise of Section 925 – a forum selection clause can be voided only when acceptance is "a condition of employment."  § 925(a).  Plaintiff was not required to accept any terms and conditions that included a forum selection clause when he was initially employed by SAP in 2008.  *See generally* Patel Decl.; Reply at 6.  In 2013, after Plaintiff had been in employed by Defendants for five years, Defendants offered Plaintiff an "internal transfer" or promotion to become a Senior Account Executive.  Patel Decl., ¶ 3.  Plaintiff has not provided the Court with any information that supports or suggests that Plaintiff was required to accept the transfer to remain employed with Defendants.  *See Montoya v. Ariba Inc.*, 2023 WL 2368701, at *9 (C.D. Cal. Mar. 6, 2023) (in a similar case, also against SAP, the court granted SAP's motion to transfer and enforced an identical forum selection clause contained in the

4

GIP, finding that "Plaintiff was not required to sign the GIP as a condition of employment and that Labor Code Section 925 does not invalidate the forum selection clause."). Moreover, Plaintiff was not required to accept subsequent GIPs or other compensation plans, which he was offered – and accepted – annually. Patel Decl., ¶ 12, 21. The 2022 GIP was not a condition of *employment*, it was and continues to be a condition of eligibility to participate in a sales and commission incentive plan. Plaintiff asks this Court to expand the reading of Section 925 beyond "a condition of employment" to "a condition of transfer," or promotion. *See* Opp'n at 10. The Court declines to do so.

The parties have cited no authority indicating that Section 925 applies to transfers or promotions of existing employees who did not have a forum selection clause in their original employment agreement. Pl's Supp. Briefing, ECF No. 38; Defs' Supp. Briefing, ECF No. 39. The cases cited by both parties make clear that Section 925 is concerned with issues of initiating employment and the propensity for inequities in bargaining power between employers and prospective employees. *See e.g.*, *Eller v. Automatic Data Processing, Inc.*, 2023 WL 3829723, at *6 (S.D. Cal. June 5, 2023) (holding that Section 925 applied to initial employment agreement with choice of law and forum clause where, "the contract states Plaintiff will not have access to information necessary to perform her duties if she does not agree to the restrictive covenants."). While courts have applied Section 925 to modifications in employment agreements that contain forum selection clauses to prevent employers from circumventing the statute, these cases are inapposite to Plaintiff's circumstances. *See Midwest Motor Supply Co. v. Superior Ct. of Contra Costa Cnty.*, 56 Cal. App. 5th 702, 710 (2020) (Section 925 looks to prevent employers from "create[ing] an entirely new employment agreement but retain[ing] the same nonvoidable forum-selection clause"); *Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, 2019 WL 5789273, at *7 (N.D. Cal. Nov. 6, 2019) ("[H]ad Plaintiffs *not* been promoted . . . they would have still been bound by the . . . contract [that] contained a similar forum selection clause, and Defendants do not argue that agreeing to that forum selection clause was not a condition of employment.").

Pursuant to Section 1404(a), the Court must determine "whether a transfer would promote the interest of justice." *Atl. Marine*, 571 U.S. at 63. Here, transferring the case to the Eastern

District of Pennsylvania promotes the interests of justice because the parties entered into a valid agreement containing a forum selection clause that requires the parties to bring any action solely in "the United States District Court for the Eastern District of Pennsylvania or in the Court of Common Pleas of Delaware County."  The Court also finds that based on the record, the Eastern District of Pennsylvania is the location that is convenient to the parties and witnesses (many of whom are on the east coast or in Europe), and the Eastern District of Pennsylvania is fully capable of interpreting and applying California law (if necessary).  *See Doe v. Epic Games, Inc.*, 435 F.Supp.3d 1024, 1040 (N.D. Cal. 2020) (outlining § 1404(a) factors).   The Court GRANTS the motion to transfer.

### IV.    REQUEST FOR JUDICIAL NOTICE

Along with their motion, Defendants filed a request for judicial notice.  ECF No. 14-3. The Court declines to rule on Defendants' request, as the Court did not rely on the information that was the subject of Defendants' request in resolving this motion.

### V.    CONCLUSION

Defendants' motion to transfer is GRANTED.  This case is hereby transferred to the United States District Court for the Eastern District of Pennsylvania.

**IT IS SO ORDERED.**

Dated: July 1, 2025

Noël Wise
United States District Judge